UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN R.G. CANDLER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOVAN BUSTOS, *et al.*,<br><br>　　　　Defendants. | Case No. 1:25-cv-00345-CDB (PC)<br><br>ORDER TO SHOW CAUSE IN WRITING WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>**30-DAY DEADLINE** |

**Background**

　　Plaintiff Steven R.G. Candler is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint with this Court on March 24, 2025. (Doc. 1).

　　In his complaint, Plaintiff attests that he filed multiple grievances and nothing happened, and "they did nothing to help" him. (*Id.* at 3-5). Plaintiff attests that there are administrative remedies at the institution in which he is incarcerated but that he did not submit a request for administrative relief for any of claims I, II, and III, and did not appeal his requests for relief to the highest level. (*Id.*).

　　The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under . . . any other Federal law . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are

1  exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory and
2  "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (citation
3  omitted). The exhaustion requirement applies to all inmate suits relating to prison life, *Porter v.
4  Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or offered by the
5  administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).

6      Inmates are required to "complete the administrative review process in accordance with the
7  applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court."
8  *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). In California, state-inmate grievances are subject to
9  two levels of review. *See* Cal. Code Regs. tit. 15, §§ 3481(a), 3999.226(a)(1). Prisoners must
10 generally receive a disposition from the second level of review before administrative remedies are
11 deemed exhausted. *See id.* §§ 3483(m)(1), 3486(m), 3999.226(h); *but see id.* § 3483(m)(2).

12     In general, failure to exhaust is an affirmative defense that the defendant must plead and
13 prove. *Jones*, 549 U.S. at 204, 216. However, courts may dismiss a claim if failure to exhaust is
14 clear on the face of the complaint. *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

15     Here, it appears clear based on Plaintiff's allegations that he did not properly exhaust his
16 administrative remedies prior to filing his complaint. Specifically, as summarized above, Plaintiff
17 attests that he did not request administrative relief to the highest level available.

18     Accordingly, the Court will direct Plaintiff to make a written filing in which he sets forth
19 the reasons why this Court should not dismiss this action for his failure to exhaust administrative
20 remedies.

21
22     *Remainder of This Page Intentionally Left Blank*

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that, **within 30 days** of the date of this Order, Plaintiff shall show cause in writing why this action should not be dismissed for his failure to exhaust administrative remedies. Alternatively, Plaintiff may file a notice of voluntary dismissal.

**No requests for extension will be granted without a showing of good cause**. **Failure to comply with this order will result in a recommendation that this action be dismissed for Plaintiff's failure to obey Court orders and failure to exhaust administrative remedies**.

IT IS SO ORDERED.

Dated:   **March 25, 2025**                                    _____
                                                               UNITED STATES MAGISTRATE JUDGE