UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN R.G. CANDLER,<br><br>        Plaintiff,<br><br>    v.<br><br>JOVAN BUSTOS, *et al.*,<br><br>        Defendants. | Case No. 1:25-cv-00345-CDB (PC)<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br><br>(Docs. 8, 10) |

**Background**

Plaintiff Steven R.G. Candler is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint with this Court on March 24, 2025. (Doc. 1). On March 25, 2025, the Court ordered Plaintiff to show cause in writing why this action should not be dismissed for failure to exhaust administrative remedies. (Doc. 8). The Court noted that, because Plaintiff attested in his complaint that he did not request administrative relief to the highest level available, it appeared clear on the face of Plaintiff's complaint that he failed to properly exhaust his claims prior to commencing the lawsuit. (*Id.* at 2) (citing *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).). Plaintiff timely filed his response on April 4, 2025. (Doc. 10).

In his response, Plaintiff attests that he did, in fact, file his grievances to the highest level available. (*Id.* at 1). Plaintiff attaches to his response numerous documents related to California

Department of Corrections and Rehabilitation ("CDCR") grievance procedures. (*Id.* at 2-62). The relevant attached documents will be discussed in chronological order.

On September 28, 2023, Plaintiff filed a grievance alleging that he was being harassed by correctional officers, inmates, and a nurse, naming Officer A. Lamas as having threatened him. He asserted he filed medical slips to be seen for his mental health, but he is not able to see anyone. (*Id.* at 11-12).

On January 11, 2024, Plaintiff filed a grievance related to Officer A. Lamas who, he alleges, yelled that Plaintiff was a sex offender while he and other inmates were at breakfast on January 10, 2024, and who, Plaintiff claims, had been engaging in such behavior for three to four months. He includes allegations of not receiving medical care and individuals spitting in his food. (*Id.* at 8-9, 13-14).

On July 19, 2024, Plaintiff filed a grievance seeking the names of correctional officers. He names in this grievance A. Lamas, Ruiz, Dialreo, Bustos, Mendoza, Nunes, Caro, A. Garcia, Hiemen, O. Hernadaz, Deverow, Rernadzs, William, Fredrico, Bails, Jamilaz, and Ruiz. (*Id.* at 22-23). On July 20, 2024, Plaintiff filed a grievance seeking the names of correctional officers who have been verbally "attacking" him on the prison yard. He names A. Lamas, Garcia, Nunes, Ruiz, Bustos, Mendoza, Caro, Dialreo, Hiemen, O. Hernadaz, Deverow, Rernadzs, William, Fredrico, Bails, and Jamilaz. (*Id.* at 20-21). On July 27, 2024, Plaintiff filed another grievance seeking the names of correctional officers who have been verbally "attacking" him. (*Id.* at 58-59).

On August 14, 2024, Plaintiff filed an appeal of his grievance seeking names of correctional officers. (*Id.* at 40-41). On September 11, 2024, Plaintiff filed another appeal of his grievance seeking names of correctional officers. (*Id.* at 47, 56). Plaintiff attaches a decision of the CDCR Office of Appeals, dated November 2, 2024, denying his request for personnel names due to the appeal form being incomplete. (*Id.* at 38-39).

On December 20, 2024, Plaintiff filed a grievance alleging that he needs to be transferred to another prison due to the occurrences related to his prior grievance forms. He seeks the names of four correctional officers, due to what they have being saying and doing to him. (*Id.* at 16-17).

On February 11, 2025, Plaintiff filed a grievance seeking the names of correctional officers.

He names in this grievance Cota, Briseno, Cortz, Deverow, Dialno, Y. Lonera, R. Bailz, Choreaz, J. Sanchaz, Fernadzs, B. Garcia, I. Velasqaez, J. Mendez, Reevies, M. Rodtaez, JC. Cossebey, Jamilaz, J. Hernadaz, J. Hiemen, Ruiz, and R. Lowgan.  (*Id.* at 35-36).  On February 15, 2025, Plaintiff filed a grievance alleging numerous constitutional violations; for example, excessive force by officers in disciplinary proceedings, retaliation as to medical care and basic necessities, threat to safety, and including a request for names of correctional officers.  (*Id.* at 3-4).

On February 26, 2025, Plaintiff filed a grievance seeking the names of correctional officers. He names in this grievance Cota, Briseno, Cortz, Deverow, Dialno, Y. Longra, R. Bailz, Choveaz, J. Sanehaz, Fernadzs, B. Garcia, I. Velasqaez, J. Mendez, Reevies, M. Rodtaaz, C. Cossebey, Jamilaz, J. Hernadaz, J. Hiemen, Ruiz, and R. Lowgan.  (*Id.* at 27-28, 48-49).

On March 12, 2025, Plaintiff filed a grievance seeking the names of correctional officers, including substantially similar names to those mentioned in earlier grievance forms.  (*Id.* at 43-44). On March 17, 2025, Plaintiff filed another grievance seeking the names of correctional officers, including substantially similar names to those mentioned in earlier grievance forms.  (*Id.* at 54-55). On March 22, 2025, Plaintiff filed a further grievance seeking the names of correctional officers. (*Id.* at 61-62).

The Court notes that Plaintiff attaches only one decision from the CDCR Office of Appeals, namely a denial related to a grievance seeking personnel names; that denial was due to the appeals form being incomplete.  (*Id.* at 38-39).  The attachments to Plaintiff's response do not evidence administrative appeals to the highest level concerning the claims at issue in his complaint. However, as noted above, Plaintiff has asserted in his response that he exhausted his administrative remedies.  (*Id.* at 1).  Accordingly, at this early stage of litigation, Plaintiff's responsive filing satisfies the Court that it is not conclusively clear Plaintiff failed to exhaust his claims.

Thus, the Court will discharge the order to show cause (Doc. 8).  Plaintiff's complaint (Doc. 1) will be screened in due course.  *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A.

///

///

**Conclusion and Order**

Accordingly, for the reasons set forth above, the Court's order to show cause (Doc. 8) is HEREBY DISCHARGED.

IT IS SO ORDERED.

Dated:   **April 14, 2025**

UNITED STATES MAGISTRATE JUDGE