UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN R.G. CANDLER,<br><br>            Plaintiff,<br><br>    v.<br><br>JOVAN BUSTOS, *et al.*,<br><br>            Defendants. | Case No.: 1:25-cv-00345-CDB (PC)<br><br>ORDER RETURNING DOCUMENTS LODGED BY PLAINTIFF WITH THE COURT<br><br><u>Clerk of the Court to Return Lodged Documents to Plaintiff</u> |

**<u>Background</u>**

Plaintiff Steven R.G. Candler ("Plaintiff") is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  On October 9, 2025, the Court issued its first screening order, finding Plaintiff failed to allege any cognizable claims in his complaint and granting leave to file an amended complaint. (Doc. 15).  Plaintiff filed his first amended complaint on October 24, 2025.  (Doc. 17).

On March 30, 2026, the Clerk of the Court received from Plaintiff documents totaling approximately 150 pages, substantially all of which relate to Plaintiff's grievance requests.

**<u>Discussion</u>**

Plaintiff provides a cover page explaining that these documents "show multiple grievances" Plaintiff "had to file" in regard to events occurring at the California Substance Abuse Treatment Facility ("SATF").  The Court will presume that Plaintiff intends said documents to be accepted as

exhibits to his first amended complaint.

Plaintiff is permitted to attach exhibits to his complaint but they are not necessary pursuant to the federal system of notice pleading.  *See Ruiz v. Orozco*, No. 1:19-CV-00048-AWI-GSA PC, 2019 WL 13390488, at *1 (E.D. Cal. Feb. 5, 2019) (citing Fed. R. Civ. P. 8(a) & 10(c)).

Here, as in *Ruiz*, the Court "strongly suggests to Plaintiff that [exhibits] should not be submitted where (1) they serve only to confuse the record and burden the Court, or (2) they are intended as future evidence."  *Id.*  If this action reaches a juncture at which the submission of evidence is appropriate and necessary (*e.g.*, summary judgment or trial), Plaintiff will have the opportunity at that time to submit his evidence.  *Id.*  Additionally, Plaintiff is admonished that it is not the duty of the Court to examine his exhibits to determine whether or not he presents cognizable claims.  The Court, instead, will analyze the factual allegations pled in Plaintiff's complaint to determine whether or not he has stated any cognizable claim for relief.  *See id.*

Further, the voluminous documents Plaintiff purports to lodge with the Court appear to relate to grievance procedures.  The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under . . . any other Federal law . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Exhaustion of administrative remedies is mandatory and "unexhausted claims cannot be brought in court."  *Jones v. Bock*, 549 U.S. 199, 211 (citation omitted).  In general, failure to exhaust is an affirmative defense that the defendant must plead and prove.  *Id.* at 204, 216.  However, courts may dismiss a claim if failure to exhaust is clear on the face of the complaint.  *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

Here, Plaintiff asserts in his first amended complaint that he exhausted grievance procedures related to his claims. (Doc. 17 at 4).  At this screening stage, the Court does not require exhibits evidencing exhaustion.  As the documents Plaintiff seeks to lodge with the Court consist of voluminous grievance procedure records, which may serve to confuse the record and burden the Court and are not required for the Court to screen Plaintiff's first amended complaint, the Court will return Plaintiff's documents.  Plaintiff will have the opportunity to resubmit any such documents if submission becomes appropriate in the future, for example if any defendant asserts

failure to exhaust as an affirmative defense.  Plaintiff's first amended complaint was received by the Court and will be screened in due course.

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that:

1.  The documents lodged by Plaintiff with the Court on March 30, 2026, SHALL be returned to Plaintiff.

2.  The Clerk of the Court is DIRECTED to return said documents to Plaintiff.

IT IS SO ORDERED.

Dated:   **May 7, 2026**                          _____
UNITED STATES MAGISTRATE JUDGE

3