UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN R.G. CANDLER,<br><br>Plaintiff,<br><br>v.<br><br>JOVAN BUSTOS, *et al.*,<br><br>Defendants. | Case No.: 1:25-cv-00345-CDB (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED<br><br>(Doc. 17)<br><br>**21-DAY DEADLINE**<br><br><u>Clerk of the Court to Assign District Judge</u> |

Plaintiff Steven R.G. Candler ("Plaintiff") is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action. On October 9, 2025, the Court issued its first screening order finding Plaintiff failed to bring any cognizable claims and granting leave to amend. (Doc. 15). Plaintiff filed his first amended complaint on October 24, 2025. (Doc. 17). For the reasons set forth below, the undersigned will recommend that Plaintiff's first amended complaint be dismissed for failure to state a claim.

## I.      SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## II.    PLEADING REQUIREMENTS

### A.  Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks & citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Id*. (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of pro se prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal theories. *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled,"[1] and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal

---

[1] *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks and citation omitted).

quotation marks and citation omitted).

### B. Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under section 1983, a "plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *see Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation") (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71, 375-77 (1976)). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legal required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

### III.    DISCUSSION

In the first amended complaint, Plaintiff names as Defendants Jovan Bustos, Abraham Lamas, Juan Nunez, Fred Williams, Anthony Garcia, and Rober Federico.  (Doc. 17 at 1).

### A. Plaintiff's Allegations

Plaintiff asserts that unnamed individuals would call him a "chow mo." He alleges that this would occur in numerous places, such as when he was working out on the yard, when he was called to the office, when he was at the door of the chow hall, and when he was waiting in line at the medication window. *Id.* at 2-3. Plaintiff adds an unrelated allegation that he asked to be placed in the GED program and, instead, was placed in the "DRP program and all she do is slander me and harass me [sic]," and that he filed multiple grievances to get out of the group, as well as asked to transfer, with neither such request being accommodated. Plaintiff does not provide which individual

he is referring to in regards to slander and harassment. *See id.* at 2.

Plaintiff asserts claims of "cruel and unusual punishment and association and free speech and due process." *Id.* at 3. Plaintiff requests $250,000 in compensatory damages as well as punitive damages. *Id.* at 5.

**B.  Analysis**

Notwithstanding the Court's earlier admonitions in its first screening order (Doc. 15 at 4-9), Plaintiff again improperly fails to connect any defendant to any of the factual allegations pleaded in the first amended complaint. As the Court already advised Plaintiff, in alleging that unnamed individuals used verbal harassment against him by calling him a "chow mo," Plaintiff fails to plead any facts establishing who made these statements, when they were made, in what context they were made, and whether any accompanying conduct implicating the Eighth Amendment accompanied any such verbal harassment. Additionally, Plaintiff once again sets forth no factual details regarding any retaliation, such as who retaliated against him and what the retaliation entailed. *See id.* at 9.

Plaintiff's generalized assertions are insufficient to plead any cognizable claims. He has not alleged any actions taken or actions omitted by any Defendants relating to any alleged deprivations cognizable under section 1983. As the Court advised Plaintiff in its first screening order, Plaintiff's complaint is devoid of facts supporting any claims cognizable under section 1983 and, thus, fails to comply with Rule 8 of the Federal Rules of Civil Procedure. *See id.*

Furthermore, the Court also advised Plaintiff in the first screening order that Plaintiff "may not change the nature of this suit by adding new, unrelated claims in his amended complaint." *Id.* at 11 (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). Plaintiff provides no facts to support that his additional claim regarding the "DRP program" and slander and harassment related thereto are in any way related to his claims of verbal harassment regarding being called a "chow mo." Plaintiff does not relate these claims, nor connect them to any Defendant, and did not include them in his original complaint. *See* (Doc. 1). Thus, inclusion of said unrelated claims is improper. See *Leorna v. Sacramento Cnty.*, No. 26-cv-03778-JSC, 2026 WL 1806705, at *3 (N.D. Cal. June 23, 2026) ("Claims arising from unrelated incidents against different defendants must be alleged in separate complaints filed in separate cases.").

### C. Further Leave to Amend Would Be Futile

Because Plaintiff's first amended complaint is deficient for the same reasons as those articulated in the Court's first screening order (*see* Doc. 15) and because Plaintiff has failed to remedy those deficiencies, the Court assesses that Plaintiff cannot cure his pleadings and, thus, that further leave to amend would be futile. *See Hartman v. CDCR*, 707 F.3d 1114, 1129-30 (9th Cir. 2013) (affirming dismissal of first amended complaint and finding leave to amend futile where complaint's allegations belied plaintiff's entitlement to relief).

### IV.    CONCLUSION AND RECOMMENDATION

The Clerk of the Court is directed to assign a District Judge to this action.

For the foregoing reasons, it is HEREBY RECOMMENDED that this action be dismissed, without leave to amend, based on Plaintiff's failure to state a claim upon which relief can be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **July 7, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

5